# In the United States Court of Federal Claims
BID PROTEST

|  |  |
|---|---|
| NEWIMAR, S.A., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) No. 20-1724C |
|  | ) (Filed Under Seal: February 19, 2021 \| |
| THE UNITED STATES OF AMERICA, | ) Reissued: March 4, 2021)* |
|  | ) |
| Defendant, | ) |
|  | ) |
| and | ) |
|  | ) |
| J&J MAINTENANCE INC. dba | ) |
| J&J WORLDWIDE SERVICES, | ) |
|  | ) |
| Defendant-Intervenor. | ) |

*David A. Edelstein* and *Laurence Schor*, Asmar, Schor & McKenna, PLLC, Washington, DC, for Plaintiff.

*John H. Roberson*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for Defendant, with whom were *Steven Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Brian M. Boynton*, Acting Assistant Attorney General.

*Adam K. Lasky*, Seyfarth Shaw LLP, Seattle, WA, for Defendant-Intervenor.

**OPINION AND ORDER**

**Kaplan, Judge.**

In this bid protest, the plaintiff Newimar, S.A. ("Newimar") challenges a decision by the United States Navy to award intervenor J&J Maintenance ("J&J") a contract to perform base operations support services at the U.S. Naval Station in Rota, Spain. Newimar is the incumbent

---

* This opinion was originally issued under seal and the parties were given the opportunity to request redactions. The government notified the Court that it had no proposed redactions. Newimar did not file any proposed redactions. At the request of the defendant-intervenor, J&J Maintenance, the Court has redacted the ratings the Agency assigned to J&J and Newimar under the Corporate Experience and Safety factors.

contractor. The government has filed a motion to dismiss the amended complaint, arguing that Newimar's protest is now moot because the Navy has cancelled the contract award to J&J and promised to take further corrective action that will "afford Newimar a fair opportunity to compete as if its proposal had not been eliminated from the competition." Def.'s Mot. to Dismiss ("Def.'s Mot.") at 2, ECF No. 40 (citing Declaration of Matthew R. Lewis at ¶ 4). Newimar opposes dismissal. Should the Court dismiss, it requests in the alternative that it "preserve [Newimar's] right to protest the scope of the agency's corrective action (once known), by allowing Newimar's counsel to retain and use Protected Information that may be highly relevant to that future protest." Newimar's Opp'n to Mot. to Dismiss or, in the Alternative, Reservation of Rights and Mot. for Relief from Protective Order ("Pl.'s Resp. and Cross-Mot.") at 1, ECF No. 41.

For the reasons set forth below, the government's motion to dismiss is **GRANTED**. ECF No. 40. In addition, Newimar's motion for relief from the protective order is **DENIED**. ECF No. 41.

## BACKGROUND

The United States Navy, Naval Facilities Engineering Systems Command, Atlantic (the "Navy" or the "agency"), issued Solicitation No. N62470-19-R-2001 (the "Solicitation") for base operations support services on September 18, 2019. Admin. R. ("AR") Tab 11 at 68. Both Newimar and J&J submitted offers in response to the Solicitation. AR Tab 49, Tab 53, Tab 58, Tab 59.

Under the Solicitation, offerors were required, among other things, to provide twenty-four-hour-per-day, seven-day-per-week staffing coverage for Aviation Fuel Support, including two Cryogenic System Operators and One Cryogenic System Supervisor. AR Tab 93 at 7870. Newimar, however, proposed to provide only eight hours per day of coverage by two Operators and one Supervisor. AR Tab 58 at 6615. Because the proposal did not meet the Solicitation's staffing requirements, the Navy assigned it a "deficiency" under the "Staffing Approach" evaluation factor, concluding that the risk of unsuccessful performance was at an unacceptable level. AR Tab 98 at 9752. On July 30, 2020, the Navy awarded the contract to J&J. AR Tab 90 at 7794.

In its motion for judgment on the administrative record, Newimar argues that J&J's proposal also contained less than the minimum required number of staffing hours for Aviation Fuel Support, but that the Navy did not assess it a deficiency. See Newimar's Mem. in Support of Mot. for J. on the Admin. R. at 13–15, ECF No. 37. In addition, Newimar notes that it received positive ratings that mirrored those of J&J for the other evaluation factors ("[* * *]" for Corporate Experience, "[* * *]" for Safety, and "Substantial Confidence" for Past Performance). Id. at 20 (citing AR Tab 71 at 7371).

On January 14, 2021, after Newimar filed its motion for judgment on the administrative record, the government notified the Court that it was taking corrective action, which included cancelling the contract award to J&J. ECF No. 38. Further, according to the Contracting Officer (the "CO"), the Navy intended to, "among other things . . . proceed by reviewing the Solicitation requirements, amending the Solicitation if necessary, and reviewing the evaluation of offerors."

Decl. of Matthew R. Lewis ¶ 4, ECF No. 40-1. The CO committed to "ensure that the Navy reviews Newimar's offer as though it had not been eliminated from the competition." Id. In addition, the CO promised that the Navy will "undertake other corrective action to ensure that the award of the contract pursuant to Solicitation No. N62470-19-R-2001 is conducted in accordance with the Solicitation, the Federal Acquisition Regulations, and all other applicable Federal law." Id.

**DISCUSSION**

**I.     The Government's Motion to Dismiss**

On January 26, 2021, the government filed a motion to dismiss for lack of jurisdiction. ECF No. 40. In it, the government argues that the corrective action the Navy has already taken and those it plans to take render Newimar's protest moot and that therefore the Court no longer has jurisdiction over this case. Def.'s Mot. at 2. Newimar opposes dismissal. Pl.'s Resp. and Cross-Mot. at 1. It argues that at this time it is unclear whether "the Navy's proposed corrective action is 'reasonable under the circumstances' and 'appropriate to remedy the impropriety.'" Id. (quoting ManTech Telecommunications & Info. Sys. Corp. v. United States, 49 Fed. Cl. 57, 65 (2001), aff'd, 30 F. App'x 995 (Fed. Cir. 2002)). The Court agrees with the government that the corrective action the Navy has already taken by cancelling the contract award and committing to re-evaluate Newimar's proposal renders Newimar's protest moot.

"Justiciability (including mootness) is a question of subject matter jurisdiction." CW Gov't Travel, Inc. v. United States, 46 Fed. Cl. 554, 556 (2000) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971)). A case becomes moot if "during the course of litigation, it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue." Chapman Law Firm Co. v. Greenleaf Constr. Co., 490 F.3d 934, 939 (Fed. Cir. 2007).

In a bid protest, corrective action will typically render "moot those errors alleged in an initial [agency] decision." Nat'l Air Cargo Grp., Inc. v. United States, 127 Fed. Cl. 707, 717 (2016) (citing Tenica & Assocs., LLC v. United States, 123 Fed. Cl. 166, 171 (2015)). In this case, Newimar's amended complaint requested that the Court "enjoin the Navy from proceeding with the contract awarded to J&J, so that the Navy can reevaluate proposals in a manner consistent with correction of the procurement errors identified [in this amended complaint]." 1st Am. Compl. for Injunctive Relief ¶ 97, ECF No. 33. As a result of the agency's decision to take corrective action, Newimar has received the relief it sought. The Navy has canceled the award to J&J and committed to affording Newimar another chance to compete for the award as if its proposal had not previously been eliminated from the competition.

Newimar opposes the government's motion on the grounds that "the Agency's ambiguous description of its proposed corrective action . . . suggests the possibility of introducing further errors into this procurement." Pl.'s Resp. and Cross-Mot. at 3. For example, Newimar observes, the Navy might amend the Solicitation but then violate procurement law by not giving Newimar the opportunity to submit a proposal revision. Id. The Court is not persuaded by this argument, which requests that it maintain jurisdiction over the protest in the event that future errors occur when the Navy re-evaluates its proposal and issues a new contract award. But

this possibility does not afford a basis for the Court to maintain jurisdiction because until the Navy acts there is nothing for the Court to review. See Tenica, 123 Fed. Cl. at 171 (finding in a bid protest that any claims of "error in the corrective action process will not be ripe for judicial review until a new decision is issued") (quoting Eskridge Rsch. Corp. v. United States, 92 Fed. Cl. 88, 94 (2010)). In the meantime, the claims underlying the original protest are moot because the contract award has been set aside. The protest must be dismissed for lack of jurisdiction.

## II. Newimar's Motion for Limited Relief from the Protective Order

Newimar has asked in the alternative that—in the event the Court finds this case is moot and that challenges to the corrective action are not ripe—it be given relief from the protective order to a "limited extent." Pl.'s Resp. and Cross-Mot. at 4. Specifically, it requests that counsel be permitted to retain information subject to the protective order in this case until the later of thirty days following the Navy's notification to Newimar of a new award decision or the date on which destruction of the protected information is required under any protective order issued in a subsequent related protest.

Newimar's request is denied. If Newimar is dissatisfied with the agency's corrective action or any subsequent award decision, it may file a new protest. In that case, the agency's corrective action and any new award decision will be based on their own administrative record to which Newimar will have access. Newimar has therefore provided no persuasive justification for the Court to allow counsel to continue to hold on to the confidential and proprietary information contained in the administrative record that has been assembled in this case.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss for lack of jurisdiction is **GRANTED**. ECF No. 40. The plaintiff's motion for limited relief from the protective order is **DENIED**. ECF No. 41. The plaintiff's motion for judgment on the administrative record is **DENIED** as moot. ECF No. 36. The amended complaint is dismissed without prejudice. ECF No. 33. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge